Filed 4/22/14  P. v. Ardon CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE, | C072996 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F02911) |
| v. | |
| NESTOR JOSE ARDON, | |
| Defendant and Appellant. | |

Defendant Nestor Jose Ardon is a Sureño.  He, his girlfriend Sarah Chavez, and her daughter went to a cannabis dispensary on April 20, 2011.  He waited in her father's truck with her daughter while she went inside to purchase marijuana.  When she returned to the truck, he began to back out of his parking space.  A car, containing three Norteños, had already backed out from its parking stall nearby and was preparing to leave. Defendant continued to back out, nearly colliding with the car.  The passengers and driver of the car shouted at him and threw objects at the truck.  Defendant opened his door and grabbed a Leatherman tool, with knife blades exposed, from the truck.  The Norteños approached, one of them kicking defendant, and they began to brawl. Defendant stabbed all three Norteños, one of them fatally.  Defendant broke the

1

windshield of the other car, drove away, disposed of the "knife," and attempted to flee when Chavez's father called the police.

Defendant's theory at trial was that he stabbed the three Norteños in self-defense or defense of others. Defendant was convicted of one count of second degree murder and two counts of assault with a deadly weapon. Defendant appeals the judgment of the trial court contending (1) the prosecutor committed prejudicial prosecutorial misconduct by misstating the "reasonable person" standard during closing argument, and (2) his trial counsel was ineffective for failing to object to the alleged misconduct. We find defendant forfeited his claim of prosecutorial misconduct at the trial court, and that there was no ineffective assistance of counsel because even if there were misconduct, defendant suffered no prejudice. Therefore, we affirm the judgment of the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. The Prosecution's Closing Argument

Regarding self-defense, the prosecutor told the jury: "You all are the reasonable person. You determine what is reasonable and what is not under the circumstances. And you will be asked to compare the actions of people in this case to this reasonable standard or the reasonable person. [¶] And that's up to you based on what an average reasonable person with an average disposition would do in those circumstances. We are going to talk a lot about that. You are going to hear me say over and over again . . . are these the actions of a reasonable person of average reasonable disposition in the same situation." Counsel repeatedly referred rhetorically to the "reasonable person" throughout his closing argument, posing the question, in various iterations, "Is [defendant] acting like a reasonable person at that point or is he acting like something else?" The prosecution's theory was that defendant's actions were not self-defense but mutual combat between warring gangs.

The prosecutor also stated, "If at any point my instructions differ from what the Court's instructions are, obviously the Court's instructions you go by, but I have done my best to make sure."

## B. Defendant's Closing Argument

Defense counsel argued: "What is the law of self-defense? Did [defendant] reasonably believe that he, or Sarah Chavez [(his girlfriend)], or her 4-year-old daughter were in imminent danger of being killed or suffering great bodily injury? [¶] . . . [¶] In order to decide whether [defendant's] beliefs were reasonable at that time, you use what we call a reasonable person standard. You take into account all of the facts and circumstances that he knew that were presented to him, as well as what a reasonable person would have known or believed, all right. [¶] This is where the gang involvement, the gang membership is important because what that does is it let's [*sic*] [defendant] know that [Mariono] Betti, [Jesus] Galvan, and [Alexander] Garcia's[1] actions, those were -- those were dangerous. He was in danger. He was in danger of being hurt as was Ms. Chavez, as was her 4-year-old daughter. [¶] . . . [H]aving in your mind the reasonable person's mind, what it means for a gang member to give you hard looks, to say what up fool, to throw things at you, to rush at your truck, [defendant] knows what that means, a reasonable person knows what that means, and that is that he is in danger of death or suffering serious bodily injury." "Anybody -- anybody in [defendant's] position, in his situation, knowing all of the facts and circumstances, anybody would have been reasonable in acting in self-defense."

## C. The Prosecution's Rebuttal

The prosecutor argued: "Let's talk a little bit about the defendant's state of mind. Now remember this is a reasonable person standard. This is not what would another gang

---

[1] These are the victims referred to above.

member do in this particular situation.  This is what would a reasonable person do.  [¶]
We don't lower our reasonable standards down to what gang members are thinking.  We
have to fit them into their standard if it applies, it just doesn't apply here.  He is not
facing an imminent threat."

### D.  Jury Instructions

After closing arguments, the trial court instructed the jury on self-defense or
defense of another in conformity with CALCRIM Nos. 505 and 3470.  Specifically, with
respect to the reasonable person standard, the court instructed the jury as follows:

"The defendant is only entitled to use that amount of force that a reasonable
person would believe is necessary in the same situation.  If the defendant used more force
than was reasonable, the killing was not justified.[2]  [¶]  When deciding whether the
defendant's beliefs were reasonable, consider all of the circumstances as they were
known to and appeared to the defendant and consider what a reasonable person in a
similar situation with similar knowledge would have believed."

The court also instructed the jury that it must follow the court's instructions, even
if the jurors disagree with them or the attorneys' comments conflicted with the
instructions.

### E.  Verdict and Sentencing

The jury found defendant not guilty of first degree murder but guilty of murder in
the second degree (Pen. Code, § 187, subd. (a); count one),[3] and guilty of both assault
counts (§ 245, subd. (a)(1); counts two and three).  The jury also found true that
defendant personally used a deadly and dangerous weapon (a knife) in the commission of
the crimes (§ 12022, subd. (b)(1)), and that he committed the crimes for the benefit of, at

---

[2]  For the assault charges, the court replaced "the killing was not justified" with "the
defendant did not act in lawful self-defense or defense of another."

[3]  Further undesignated statutory references are to the Penal Code.

the direction of, and in association with a criminal street gang (§ 186.22, subd. (b)(1)). The trial court sentenced defendant to state prison for an aggregate term of 15 years to life on count one, a consecutive one year for the personal use enhancement, and an additional consecutive 10 years on the gang enhancement. The court also sentenced defendant to 2 nine-year terms (three years for assault, one year for the personal use enhancement, and five years for the gang enhancement) on counts two and three, with the sentence for count two to run consecutively and the sentence for count three to run concurrently.

## DISCUSSION

Defendant contends (1) the prosecutor committed prejudicial misconduct warranting reversal by misstating the "reasonable person" standard, and (2) even if that claim was forfeited, he is still entitled to reversal because his trial counsel provided ineffective assistance. Specifically, defendant contends the prosecutor misstated the law on reasonable person "by focusing on what an average person would do, strongly suggest[ing] that [defendant's] gang experience and life experience is immaterial." He claims misstating the reasonable person standard to minimize the perspective of a gang member "likely caused the jurors to gloss over the fact that . . . [defendant's] action's, [*sic*] even if unreasonable to most people, might nonetheless be considered reasonable in light of his knowledge of gang life and his life experiences as a gang member."

## I

### Forfeiture

Defendant failed to object or to seek a curative admonition at trial; therefore, he forfeited his claim of prosecutorial misconduct. (*People v. Linton* (2013) 56 Cal.4th 1146, 1205 (*Linton*).) Nonetheless, we consider his claim on the merits to resolve his contention that trial counsel provided ineffective assistance by failing to object to the misconduct.

5

## II

## Ineffective Assistance of Counsel

" ' "[T]o demonstrate ineffective assistance of counsel, a defendant must first show counsel's performance was 'deficient' because his 'representation fell below an objective standard of reasonableness . . . under prevailing professional norms.' [Citations.]  Second, he must also show prejudice flowing from counsel's performance or lack thereof." '  [Citation.]" (*People v. Mitchell* (2008) 164 Cal.App.4th 442, 466-467.) Thus, to prevail, defendant must show both that the prosecutor committed misconduct, and that he was prejudiced by the misconduct.

### A.  *Prosecutorial Misconduct*

"Although counsel have broad discretion in discussing the legal and factual merits of a case [citation], it is improper to misstate the law [citation] . . . ." (*People v. Bell* (1989) 49 Cal.3d 502, 538.)  " ' "A prosecutor's conduct violates the Fourteenth Amendment to the federal Constitution when it infects the trial with such unfairness as to make the conviction a denial of due process.  Conduct by a prosecutor that does not render a criminal trial fundamentally unfair is prosecutorial misconduct under state law only if it involves the use of deceptive or reprehensible methods to attempt to persuade either the trial court or the jury." [Citation.]  When a claim of misconduct is based on the prosecutor's comments before the jury, as all of [the] defendant's claims are, " 'the question is whether there is a reasonable likelihood that the jury construed or applied any of the complained-of remarks in an objectionable fashion.' " [Citation.]' " (*Linton, supra,* 56 Cal.4th at p. 1205.)

Here, the prosecutor appears to have conflated the law on provocation with the law on self-defense.  He argued, with respect to self-defense, that the jury should consider "what an average reasonable person with an average disposition would do in those circumstances."  The law on self-defense does not require a jury to consider what a person of average disposition would do, but requires the jury to consider what a

6

reasonable person with defendant's knowledge would believe in the situation. (*People v. Humphrey* (1996) 13 Cal.4th 1073, 1087 ["The jury must consider defendant's situation and knowledge, . . . but the ultimate question is whether a reasonable *person* . . . would believe in the need to kill to prevent imminent harm."].) It is the defense of provocation, which reduces murder to voluntary manslaughter, that requires the jury to determine whether a person of average disposition would have reacted as defendant did in the situation. (CALCRIM No. 570.) Thus, it would appear the prosecutor did misstate the law. It does not necessarily follow that such misstatement amounted to misconduct rendering the trial fundamentally unfair. Here, it does not appear the prosecutor acted deceptively or reprehensibly; indeed, he told the jury he had tried to correctly state the law, but that they should follow the court's instructions.

### B. Prejudice

Regardless, even if there were misconduct, defendant has failed to show he suffered any prejudice as a result. "Prejudice means a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' [Citation.] A reasonable probability means a 'probability sufficient to undermine confidence in the outcome.' [Citation.]" (*People v. Najera* (2006) 138 Cal.App.4th 212, 224.) Thus, defendant must show it is reasonably probable he would have obtained a better outcome but for the alleged misconduct.

Defendant claims that the court's instructions on the reasonable person standard "were likely 'forgotten' by the jurors after they heard the prosecution's closing argument." However, the court instructed the jury *after* counsel presented their closing arguments. Additionally, defense counsel presented an accurate statement of the reasonable person standard, including consideration of defendant's gang knowledge, *after* the prosecutor presented the majority of his closing argument. Thus, defendant's claim fails chronologically. Any misstatement by the prosecutor was corrected not only by defense counsel but also by the court before the jury began deliberations.

Furthermore, the prosecutor told the jury to follow the court's instructions where they conflicted with his argument, and the court instructed the jury to disregard any attorney comments conflicting with its instructions. We presume the jury followed these instructions. (Cf. *People v. Hamilton* (2009) 45 Cal.4th 863, 957.) Therefore, defendant has failed to show he was prejudiced, i.e., that it is reasonably probable he would have obtained a better result but for the prosecutor's alleged misconduct.

## DISPOSITION

The judgment is affirmed.


    BLEASE    , Acting P. J.


We concur:


    HULL    , J.


    DUARTE    , J.